FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/13/2022 5:45 PM
JAMIE SMITH
DISTRICT CLERK
A-210629

CAUSE NO. _____

| | | |
|---|---|---|
| **RHONDA TAUER AND DOUGLAS TAUER** *Plaintiffs,* | § § § § § § § § § | IN THE DISTRICT COURT OF |
| V. | | JEFFERSON COUNTY, TEXAS |
| **ALLSTATE COUNTY MUTUAL INSURANCE** *Defendant.* | | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT AND CLAIM FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **RHONDA TAUER AND DOUGLAS TAUER** complaining of **ALLSTATE COUNTY MUTUAL INSURANCE** (hereinafter, "Allstate"), and files this *Plaintiffs' Original Petition for Declaratory Judgment and Claim for Damages*, and would show unto the Court as follows:

### I. INTRODUCTION

Based on the following facts, and pursuant to the policy of insurance in force and effect between Plaintiffs and Defendant Allstate at the time of the collision, Plaintiffs seek a declaratory judgment pursuant to TEX. CIV. PRAC. & REM. CODE CH. 37. Plaintiffs are persons interested under a written contract for insurance whose "rights, status, or other legal relations are affected" by the insurance contract. Plaintiffs seek a declaration of a question of construction or validity arising under the contract of insurance. A declaration of Plaintiffs' and Allstate's rights, status, and obligations under the contract will terminate the controversy between Plaintiffs and Allstate. Specifically, Plaintiffs seek a finding that Defendant **JOYCE MARIE ROSS** was an underinsured motorist at the time of the collision, and that Plaintiffs are entitled to recover

Page 1 of 6

PAGE 3/8 * RCVD AT 10/17/2022 8:19:38 AM [Central Daylight Time] * SVR:A0775-XFX0020-S/1 * DNIS:8664474293 * CSID: * ANI:4098771695 * DURATION (mm-ss):04-33

Plaintiffs' damages that fall within the coverage afforded to Plaintiffs under the policy with Allstate, and specifying the amount of damages, attorney's fees, interest, and court costs that Allstate is obligated to pay.

## II.  DISCOVERY CONTROL PLAN

Plaintiffs intend discovery to be conducted pursuant to LEVEL 3, as set forth and governed by the TEXAS RULE OF CIVIL PROCEDURE 190.4, and affirmatively plead that this suit is not governed by the expedited actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because plaintiffs seek monetary relief over $100,000.

## III.  CLAIM FOR RELIEF

Plaintiffs seek monetary relief over $250,000 but nor more than $1,000,000.[1]

## IV.  PARTIES

Plaintiff **RHONDA TAUER** is an individual and resident of Jefferson County, Texas.

Plaintiff **DOUGLAS TAUER** is an individual and resident of Jefferson County, Texas.

Defendant, **ALLSTATE COUNTY MUTUAL INSURANCE**, is an insurance company conducting business in the state of Texas and can be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## V.  JURISDICTION

This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. This Court may

---

[1] TEX. R. CIV. P. 47(c)(4).

Page **2** of **6**

PAGE 4/8 * RCVD AT 10/17/2022 8:19:38 AM [Central Daylight Time] * SVR:A0775-XFX0020-S/1 * DNIS:8664474293 * CSID:* ANI:4098771695 * DURATION (mm-ss):04-33

exercise personal jurisdiction over the Defendant in that Defendant is an individual resident of the State of Texas.

## VI. Venue

Venue is appropriate in Jefferson County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this claim occurred in Jefferson County, Texas. Further, venue is appropriate in Jefferson County, Texas pursuant to TEX. INS. CODE § 1952.110(2) as the collision giving rise to Plaintiffs claim for uninsured and underinsured motorist benefits occurred in Jefferson County, Texas.

## VII. Facts

On December 30, 2019, Plaintiffs, RHONDA TAUER and DOUGLAS TAUER, were traveling westbound on I-10 in Rose City, Texas when Defendant, **JOYCE MARIE ROSS** entered I-10 by traveling up the Rose City exit ramp headed in the wrong direction of traffic. Defendant's vehicle collided with the front of the Plaintiffs' vehicle. As a result, Plaintiffs, **RHONDA TAUER** and **DOUGLAS TAUER** sustained bodily injuries. Plaintiffs' injuries were proximately caused by the above stated Defendant's negligent, careless and reckless disregard of said duty.

## VIII. Count 1 – Suit for Declaratory Relief re: UM/UIM

Plaintiffs were at all times relevant by a policy of insurance issued by Defendant, **ALLSTATE COUNTY MUTUAL INSURACE**. Said policy provided coverage for uninsured and underinsured motorists. As the insurance coverage applicable herein for Defendant **JOYCE MARIE ROSS** is not adequate to compensate Plaintiffs for their injuries,

Page 3 of 6

damages, and losses, Plaintiffs are further entitled to recover same over and from Defendant, **ALLSTATE COUNTY MUTUAL INSURANCE.**

## IX. ATTORNEY FEES

Plaintiffs are entitled to recover reasonable and necessary attorney fees under TEX. CIV. PRAC. & REM. CODE 37.009. Pursuant to *Allstate Ins. Co. v. Irwin*, No. 19-0885, 2021 Tex. LEXIS 415, at *15 (May 21, 2021), Plaintiff is entitled to the Court's discretionary award of "reasonable and necessary attorney's fees as are equitable and just."

## X. DAMAGES

As a result of said injuries, Plaintiffs have sustained the following damages for which they affirmatively seek from the Defendants:

1. Reasonable and necessary medical and other health care related expenses, assistance, and treatment in the past and future attributable to the injuries inflicted upon the Plaintiffs as described herein;

2. Physical pain in the past and future;

3. Mental anguish and suffering in the past and future;

4. Physical impairment in the past and future;

5. Physical disfigurement in the past and future;

6. For general and special damages;

7. Lost wages and loss of earning capacity;

8. Exemplary and/or punitive damages;

9. Attorney's fees;

10. Court costs; and

Page **4** of **6**

PAGE 6/8 * RCVD AT 10/17/2022 8:19:38 AM [Central Daylight Time] * SVR:A0775-XFX0020-S/1 * DNIS:8664474293 * CSID:* ANI:4098771695 * DURATION (mm-ss):04-33

11. Such further legal and equitable relief as this court may deem proper.

As a result of the facts described above, the Plaintiffs have been made to suffer and sustain at the hands of the Defendant these damages, as well as general and special damages, for which the Plaintiffs affirmatively seek from the Defendant.

## XI. CONDITIONS PRECEDENT

All conditions precedent to the maintenance of this action have been met or satisfied in accordance with RULE 54 of the TEXAS RULES OF CIVIL PROCEDURE.

## XII. JURY DEMAND

Plaintiffs demand that this case be tried by jury, and that upon final hearing of such evidence that the jury return a verdict in conformity with the evidence in such an amount as within this Court's discretion that is just and reasonable and tender the appropriate fee with this Petition.

## XIII. REQUIRED DISCLOSURES

Plaintiffs serve this notice for Required Disclosures to Defendant under the provisions of RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE. Pursuant to RULE 194, Defendants are required to disclose, within 30 days of filing an answer this petition, the information or material described in RULE 194.2 (a)-(i).

## XIV. RULE 193.7 NOTICE

This is given as notice to the Defendant that Plaintiffs intend to use all of Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULE OF CIVIL PROCEDURE 193.7.

## XV. RIGHT TO AMEND

Plaintiffs fully reserve the right to amend or supplement this Petition.

Page **5** of **6**

## XVI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant **ALLSTATE COUNTY MUTUAL INSURANCE** be cited to appear and answer herein, and that upon the trial hereof Plaintiffs recover their damages from Defendant, and that Plaintiffs recover pre-judgment and post-judgment interest at the rates provided by law, costs of court, and such other and further relief to which Plaintiffs may show themselves justly entitled to receive at law or in equity.

Respectfully Submitted,

**THE FERGUSON LAW FIRM, LLP**
3155 Executive Blvd.
Beaumont, Texas 77705
(409) 832-9700
(409) 832-9704 – fax

By: /s/ Jane S. Leger
Jane S. Leger
State Bar No. 00788814
jleger@thefergusonlawfirm.com
Tripp Jones
State Bar No. 24097058
tjones@thefergusonlawfirm.com
vdelarosa@thefergusonlawfirm.com(e-file)
**ATTORNEYS FOR PLAINTIFFS**

Page **6** of **6**

PAGE 8/8 * RCVD AT 10/17/2022 8:19:38 AM [Central Daylight Time] * SVR:A0775-XFX0020-S/1 * DNIS:8664474293 * CSID: * ANI:4098771695 * DURATION (mm-ss):04-33